## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK SANDERS, | : | Civil No. 1:26-CV-00885 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN LSCI ALLENWOOD, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Derrick Sanders' ("Petitioner") petition for writ of habeas

corpus under 28 U.S.C. § 2241 arguing that the Bureau of Prisons ("BOP")

improperly aggregated his sentences and found him ineligible for earned time

credits under the First Step Act.  (Doc. 1.)  For the following reasons, the court will

dismiss the petition.

### BACKGROUND AND PROCEDURAL HISTORY

On October 29, 2015, Petitioner pleaded guilty to one count under 21 U.S.C.

§§ 841, 846 for conspiracy to distribute cocaine hydrochloride and sentenced to

151 months incarceration and 3 years of supervised release in the Northern District

of Mississippi.  (Doc. 2-3.)  On April 27, 2018, Petitioner pleaded guilty to one

count under 18 U.S.C. § 1791(a)(2) for the possession of a prohibited object by a

prison inmate and sentenced to 2 months of imprisonment to run consecutive to the

sentence for the 2015 conviction.  (Doc. 2-4.)  On January 26, 2023, Petitioner

pleaded guilty to one count under 18 U.S.C. § 201(b)(1)(C) for bribery, and sentenced to 37 months imprisonment to be served consecutively to the 2015 sentence.  (Doc. 2-5.)  His projected release date from custody is April 7, 2028.  Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited April 21, 2026).

On April 7, 2026, the court received and docketed Petitioner's habeas corpus petition pursuant to § 2241.  (Doc. 1.)  Petitioner, who is currently incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood"), argues that the BOP improperly aggregated the sentences, which had the effect of disqualifying him from earning credits earned pursuant to the FSA.  (Doc. 2.)  He asserts that "[i]f not for a conviction under 18 U.S.C. § 1791, he would otherwise be unquestionably eligible for ETCs under the FSA.  Due to an offense that comprises less than 1.2 percent of his sentence and 0 percent of his supervised release term, the [BOP] has deemed Sanders wholly ineligible for ETCs that has more of a basis in absurdity than in statutory authority."  (*Id.*, p. 1.)

Petitioner has paid the requisite filing fee, and the court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484,

2

494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is being held at FCI-Allenwood in Union County, Pennsylvania, which is in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

## STANDARD

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

## DISCUSSION

Petitioner admits that he has not exhausted his administrative remedies prior to filing the instant petition, but asserts that exhaustion is not required because his petition concerns purely statutory construction.  (Doc. 2, pp. 3–4.)  Without making a determination regarding whether Petitioner was required to exhaust his

administrative remedies, the court finds that the petition will be dismissed on its merits.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC. *See id.* § 3632(d)(4)(D). This includes the following disqualifying conviction under the FSA: "Section 1791, relating to providing or possessing contraband in prison." *Id.* § 3632(d)(4)(D)(xxix).

Petitioner does not dispute that the Section 1791 conviction disqualifies him from earning FSA credits, but he asserts that he has completed that sentence. (Doc. 2.) Petitioner's argument relies heavily on the dissent to the Fourth Circuit's

4

decision in *Bonnie v. Dunbar*, 157 F.4th 610 (4th Cir. 2025).  (Doc. 2.)  However, the dissent is not binding case law.

The FSA "does not address whether a prisoner serving concurrent or consecutive sentences—at least one of which is for an ineligible offense—may earn FSA time credits for the portion of his term that is attributable only to an eligible offense."  *Giovinco v. Pullen*, 118 F.4th 527, 530 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025).  However, 18 U.S.C. § 3584(c) requires that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently . . . be treated for administrative purposes as a single, aggregate term of imprisonment."  "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."  *West Virginia v. EPA*, 597 U.S. 697, 721 (2022) (internal quotation marks omitted).  "Congress may establish a 'background principle of interpretation' to guide courts in understanding subsequently enacted statutes."  *Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30, 34 (2d Cir. 2020) (quoting *Dorsey v. United States*, 567 U.S. 260, 274 (2012)).

Section 3584(c)'s "aggregation provision establishes a background principle according to which '[m]ultiple terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment.'"  *Giovinco*,

118 F.4th at 531 (first alteration added) (quoting 18 U.S.C. § 3584(c)).

"Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress." *Teed v. Warden Allenwood FCI Low*, No. 23–1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied*, 144 S. Ct. 873 (2024); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating [good time credits] under 18 U.S.C. § 3624."); *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) ("Those administrative purposes are explained in, among other provisions, 18 U.S.C. § 3585, which authorizes the BOP to provide inmates with credit towards their sentence for various reasons, including for time spent in detention prior to commencement of the sentence.")

Petitioner "may have been sentenced a number of times for a number of crimes, his 'sentence' is an undivided whole—it is one sentence as determined by the BOP in calculating how long he will remain in federal custody." *Martin*, 974 F.3d at 136. "As the calculation of sentencing credits is an 'administrative purpose,' the BOP is required by the statute to treat sentences like Petitioner's which include at least one conviction for an FSA ineligible crime as a single aggregate term which is not subject to the accrual of FSA credits." *Smith v.*

*Thompson*, No. 24–cv–09295, 2024 WL 4635300, at *2 (D.N.J. Oct. 30, 2024),

*appeal dismissed sub nom. Smith v. Warden Fort Dix FCI*, No. 25–1192, 2025 WL

2215898 (3d Cir. May 16, 2025); *see also Bonnie*, 157 F.4th at 618.  Therefore, the

court will dismiss the petition.

### CONCLUSION

Because the petition cannot succeed on its merits, the court will dismiss the

petition.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 24, 2026